UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
I.A.M. NATIONAL PENSION FUND,   )
NATIONAL PENSION PLAN,          )
                                )
          and                   )
                                )
WARREN MART and                 )
BURTON C. TREBOUR,              )
Co-chairmen of the Board of     )
Trustees of the I.A.M.          )
National Pension Fund,          )
                                )
1300 Connecticut Avenue, NW     )
Suite 300                       )
Washington, DC  20036           )
(202) 785-2658                  )
                                )
          Plaintiffs,           )
                                )
     v.                         )    Case No.
                                )
SPAULDING ELECTRIC COMPANY      )
  INC.,                         )
1350 Michigan Avenue            )
Detroit, Michigan 48226         )
(313) 962-6200                  )
                                )
          Defendant.            )
_____)
```

<u>COMPLAINT</u>

(An action for legal and equitable relief to enforce §515 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1145)

    1.  This is an action for legal and equitable relief brought pursuant to 29 U.S.C. §1132(a)(3) by the I.A.M. National Pension Fund, National Pension Plan and its Co-Chairmen to secure the performance of statutory and contractual obligations owed to the Plan by the defendant.

    2.  This Court has jurisdiction of this action under the

- 2 -

provisions of 29 U.S.C. §1132(e)(1).

3.  Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2).

4.  Plaintiff I.A.M. National Pension Fund, National Pension Plan, (hereafter "the Plan") is a collectively bargained labor-management pension trust fund created by Agreement and Declaration of Trust originally entered into on May 1, 1960, pursuant to the provisions of 29 U.S.C. §186(c)(5).  The Plan maintains its principal place of business at 1300 Connecticut Avenue, NW, Suite 300, in the City of Washington, DC.

5.  The Plan is an "employee pension benefit plan" within the meaning of 29 U.S.C. §1002(2) and a "multi-employer plan" within the meaning of 29 U.S.C. §1132(d)(1).

6.  Warren Mart and Burton C. Trebour are the Co-Chairmen of the I.A.M. National Pension Fund Board of Trustees and are fiduciaries within the meaning of 29 U.S.C. §1132(a)(3).

7.  The defendant Spaulding Electric Company, Inc. is a for-profit business organization authorized to do business in the State of Michigan.  Its principal office and place of business is located in Detroit, Michigan.

8.  On or about February 1, 2003, defendant entered into a collective bargaining agreement with District Lodge No. 60 of the International Association of Machinists and Aerospace Workers (hereafter referred to as "the Union").  Among other things, that

- 3 -

collective bargaining agreement obligated defendant to commence
making regular contributions to the plan on behalf of those of
its employees in the bargaining unit represented by the Union,
and to continue those contributions during the term of the
agreement.

9.  In Article XI of the Collective Bargaining Agreement
described in paragraph 8, representatives of the Defendant and
the Union entered into the Standard Contract Language required by
the Plan, Defendant thereby agreed to commence and continue
making payments to the Plan at the rate and on the basis required
therein and adopted and agreed to be bound by the provisions of
the Trust Agreement, dated May 1, 1960, and all amendments
thereto, and adopted and agreed to be bound by the Plan rules as
amended from time to time.

10. By entering into the Agreements described in paragraphs
8 and 9, Defendant and the Union met the requirements for
participation in the Plan, and upon acceptance by the Trustees,
Defendant became a "contributing Employer" and the Union became a
"participating lodge" in the pension plan maintained by the Plan.
By virtue of this agreement, Defendant is now obligated to file
monthly reports with the Plan, showing the amount of time for
which each employee in the Union's bargaining unit received pay
in accordance with the collective bargaining agreement during the
month.  Defendant is now obligated to pay to the Plan each month

- 4 -

the contribution required by the collective bargaining agreement on those reports.

11. Article V, Section 4 of the Plan Trust Agreement <u>as amended</u>, by which Defendant has agreed to be bound, provides in pertinent part as follows:

> When an Employer has failed to pay the amounts due to the Pension Fund when such amounts become due and payable, that Employer shall be considered delinquent. If the Employer fails to make contributions within thirty (30) days after the date of the delinquency, the Employer shall be liable for liquidated damages of 20% of the amount due and simple interest shall be paid on all amounts due at the rate of 18% per annum from the date of the delinquency until the date payment is received.  The Trustees may from time to time change the applicable percentages for liquidated damages and interest, but on a uniform basis for all Employers.

> The Trustees shall have the power to take any action necessary to enforce the payment of contributions, liquidated damages, interest, and other amounts due, including, but not limited to, the institution of or intervention in any legal, equitable or administrative proceedings, and all reasonable expenses incurred by the Fund in enforcing the payment of contributions, liquidated damages, interest, and other amounts due, including, but not limited to reasonable attorneys' fees, accountants' fees and court costs shall be added to the obligation of the defaulting Employer in addition to the amount due.  The Employer agrees that such sums, together with liquidated damages and interest as set forth above, shall be included in any judgment issued by a court. The Trustees shall have the authority to settle or compromise any claims, suits, or legal actions for less than the full amount due when in their discretion, they deem it in the best interest of the Fund.

12. Notwithstanding its obligations to make timely reports and contributions to the Plan required by the agreements to which

- 5 -

defendant is a party and described in paragraphs 8 and 9 above, defendant has failed and refused since at least May 20, 2006 to make required reports and payments in a timely manner, to wit: The Fund Office has not received $16,329.44 in pension contributions or the remittance reports for the months of April and May, 2006 and July, 2006 through and including November, 2006. Liquidated damages totaling $3,265.90 and interest totaling $1,063.09 have accrued to date. As a result of defendant's continuing refusal timely to fulfill those obligations, defendant owes the Plan $20,658.43 in delinquent contributions and liquidated damages and interest as of the date of this complaint.

13. Section 515 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

14. Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, provides:

> In any action under this title by a fiduciary or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan -
>
> (A)  the unpaid contributions,
> (B)  interest on the unpaid contributions,

- 6 -

    (C)  an amount equal to the greater of
        (i)  interest on the unpaid contributions, or
        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
    (D)  reasonable attorney's fee and costs of the action, to be paid by the defendant, and
    (E)  such other legal or equitable relief as the court deems appropriate.

15. The Plan has attempted to secure defendant's voluntary compliance with its obligation to make pension contributions to the Plan, but notwithstanding these efforts, defendant continues to fail and refuse to make such payments in a timely manner as it has agreed and as is required by statute to do.

16. Unless enjoined by order of this Court from doing so, defendant will continue to be delinquent in the financial and reporting obligations it owes this Plan and to which this Plan is entitled by virtue of the plan rules and agreements governing defendant's participation in the Plan.

WHEREFORE, Plaintiffs pray that the court enter an order permanently enjoining Defendant, its officers, agents, successors and assigns from failing or refusing promptly to submit to the Plan all remittance reports and contributions now due and owing by Defendant to the Plan but not yet paid, interest on the unpaid contributions, plus an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for

- 7 -

under the Plan. Plaintiffs further pray that the Court permanenetly enjoin the Defendant, its officers, agents, successors and assigns from failing or refusing to submit all future remittance reports and payments when due in accordance with the rules and regulations of the Plan. Plaintiffs further pray that the Court award reasonable attorneys' fees and costs as incurred in this action and such other or further relief as the interests of justice may require.

Respectfully submitted,

Dated: January 31, 2007

/S/
Joseph P. Martocci, Jr., #955716
1300 Connecticut Avenue, NW
Suite 300
Washington, DC  20036
(202) 785-2658
(202) 463-8098 (fax)
jmartocci@iamnpf.org


/S/
Robert T. Osgood, #247973
1300 Connecticut Avenue, NW
Suite 300
Washington, DC  20036
(202) 785-2658
(202) 463-8098 (fax)
rosgood@iamnpf.org

Attorneys for Plaintiffs

JS-44
(Rev. 2/01 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| I.A.M. NATIONAL PENSION FUND,<br>NATIONAL PENSION PLAN, et al., | SPAULDING ELECTRIC COMPANY, INC. |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT_____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joseph P. Martocci, Jr., & Robert T. Osgood
1300 Connecticut Avenue, N.W., Suite 300
Washington, DC 20036  (202) 785-2658

CASE NUMBER  1:07CV00213

JUDGE: Richard W. Roberts

DECK TYPE: Labor/ERISA (non-employme

DATE STAMP: 01/31/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust

☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of
Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

Federal Tax Suits
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt
Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if not
administrative agency review or
Privacy Act

1

| ☐ **G.  *Habeas Corpus/ 2255*** | ☐ **H.  *Employment Discrimination*** | ☐ **I.  *FOIA/PRIVACY ACT*** | ☐ **J.  *Student Loan*** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| ☒ **K.  *Labor/ERISA (non-employment)*** | ☐ **L.  *Other Civil Rights (non-employment)*** | ☐ **M.  *Contract*** | ☐ **N.  *Three-Judge Court*** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☒ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

**V.  ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

---

**VI.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

An action for legal and equitable relief to enforce Section 515 of the Employee Retirement Income Security Act of 1974, as amended by 29 U.S.C. Section 1145.

---

| **VII.  REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS<br>☐     ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND:** ☐ YES    ☐ NO |
|---|---|---|---|

**VIII.  RELATED CASE(S) IF ANY**     (See instruction)     ☐ YES  ☐ NO     If yes, please complete related case form.

DATE  1/31/07     SIGNATURE OF ATTORNEY OF RECORD  *Jenn P. Mantern, J*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Sectio II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd